**FILED**

Oct 5 2017

U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROBERT CEBALLOS, HENRY W. HOPE, § <br> SARA E. HOPE, EUGENE BRENNAN, § <br> KAREN BRENNAN, MICHAEL § <br> SCHIEFFER, ELIZABETH § <br> SCHIEFFER, PHILIP A. WALDROP, § <br> CAROL S. WALDROP, DANA STOVER, § <br> AND TRACEY FREEZIA § <br>         **Plaintiffs** § <br> § <br> VS. § <br> § <br> THE UNITED STATES § <br>         **Defendants** § | **NO. 17-1453 L** <br><br> JUDGE _____ |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Robert Ceballos, Henry W. Hope, Sara E. Hope, Eugene Brennan, Karen Brennan, Michael Schieffer, Elizabeth Schieffer, Philip A. Waldrop, Carol S. Waldrop, Dana Stover, and Tracey Freezia, file this Original Complaint, complaining of the actions of Defendant, the United States, acting through the United States Army Corps of Engineers, and show the Court the following:

### I. PARTIES

1.  Plaintiff, Robert Ceballos, is a homeowner residing at 600 Wilcrest Drive, Apartment 54, Houston, Harris County, Texas 77042

2.  Plaintiffs, Henry W. Hope and Sara E. Hope, are homeowners residing at 406 Regentview, Houston, Harris County, Texas 77079.

3.  Plaintiffs, Eugene Brennan and Karen Brennan, are homeowners residing at 13143 Boheme Drive, Houston, Harris County, Texas 77079.

4. Plaintiffs, Michael Schieffer and Elizabeth Schieffer, are homeowners residing at 523 Ramblewood Road, Houston, Harris County, Texas 77079.

5. Plaintiffs, Philip A. Waldrop and Carol S. Waldrop, are homeowners residing at 538 Ramblewood Road, Houston, Harris County, Texas 77079.

6. Plaintiff, Dana Stover, is a homeowner residing at 35 Bayou Pointe Drive, Houston, Harris County, Texas 77063.

7. Plaintiff, Tracey Freezia, is a homeowner residing at 414 Isolde, Houston, Harris County, Texas 77024.

8. Defendant is the United States Government, including the Army Corps of Engineers (the "Corps"), and may be served through the National Courts Section, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C. 20530.

## II. PREVIOUS LAWSUITS

9. Plaintiffs have not filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action.

## III. JURISDICTION

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1491(a)(1) because this is a claim seeking just compensation from the United States for the taking of private property pursuant to the Fifth Amendment to the United States Constitution.

## IV. VENUE

11. Venue is appropriate in the United States Court of Federal Claims.

## V. FACTUAL BACKGROUND

A. **HURRICANE HARVEY**

12. On August 25, 2017, Hurricane Harvey made landfall on the Texas coastline, bringing with it historic rainfall and catastrophic winds and flooding.

13. In the days following, approximately fifty inches of rain fell over the greater Houston area.

14. Importantly, despite the unprecedented volume of rain that inundated and caused mass flooding in Houston and surrounding areas, Plaintiffs' homes did not flood or sustain substantial damage in the days immediately following Harvey's landfall.

B. **THE ADDICKS AND BARKER RESERVOIRS**

15. The Addicks and Barker Reservoirs are located west of the City Houston, near Interstate 10 and Texas State Highway 6.

16. The Addicks Reservoir is located north of Interstate 10 and feeds into Langham Creek and Buffalo Bayou.

17. The Barker Reservoir is located south of Interstate 10 and feeds into Buffalo Bayou.

18. The Corps constructed the Reservoirs during the 1930s and 1940s in an effort to control the flow and drainage of floodwaters from the west side of Houston into the Gulf of Mexico.

19. The Corps owns the Reservoirs and is responsible for management and operation of the Reservoirs.

20. In the event of large-scale rainfall and flooding, the Corps is able to drain the Reservoirs by opening the dams of the Reservoirs and releasing water into the downstream tributaries.

21. In recent years, the Reservoirs have been rated among some of the Nation's most unsafe dams and the Corps has expressed concern that catastrophic flooding may require the release of water on a large and dangerous scale.

22. The Corps manages the Reservoirs, in part, through the issuance of directives to local agencies like the Harris County Flood Control District.

C. **FLOODING FOLLOWING HARVEY**

23. Plaintiffs live near Addicks and Barker Reservoirs in the region located immediately downstream from the dams, and their homes are not located in the one hundred year flood plain and have never taken on water as a result of flooding.

24. As storms in Harvey's wake continued to pound the City of Houston, the Reservoirs continued to fill with water.

25. On August 28, 2017, the Corps released a statement indicating that it would be immediately opening the dams of the Addicks and Barker Reservoirs in order to prevent the Reservoirs from overflowing and causing an uncontrolled release of storm water on the surrounding areas.

26. The Corps knew that opening the dams would cause the flooding of thousands of properties located downstream from the Reservoirs, but decided to allow the release of water from the Reservoirs in order to avoid the risk to retention structures and the uncontrolled flow of water into surrounding neighborhoods.

27. Between August 28 and September 2, 2017, the Corps gradually increased then gradually decreased the flow of water from the dams, with water flows of up to 13,000 cfs.

28. At the time of the release, the downstream waterways that receive water from the Reservoirs were already at capacity, resulting in substantial flooding of those neighborhoods and properties located in the path of the dams.

**D.   THE IMPACT ON PROPERTY OWNERS**

29. Plaintiffs' private property is located in the downstream path of the Reservoirs.

30. Given the abrupt announcement that the Corps would be calling for the immediate controlled release of water from the Reservoirs, Plaintiffs were unable to adequately prepare themselves and their property for the impending and certain property damage.

31. Once the Reservoirs were opened, standing water filled Plaintiffs' homes and neighborhoods for more than a week, resulting in large-scale or total destruction of residences, loss of personal property, and the diminution in the value of private property, in addition to the prolonged displacement of Plaintiffs.

32. In fact, even after the rains had stopped pouring over Houston, standing water continued to saturate Plaintiffs' private property as the Corps made the decision to keep the floodgates open.

33. Due to the length of time Plaintiffs' property remained under water, homes and personal property were damaged beyond repair.

## VI. <u>COUNT ONE: INVERSE CONDEMNATION</u>

34. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 33 above.

35. Plaintiffs bring this takings claim pursuant to the Fifth Amendment to the Constitution of the United States.

36. Under State law, Plaintiffs had protected and private property interests in their personal and real property, including but not limited to, Plaintiffs' homes and other property located downstream from the Addicks and Barker Reservoirs.

37. By opening the dams of the Reservoirs, Defendant, acting through the Corp, intentionally flooded, took, acquired, and destroyed Plaintiffs' private property for a public use, and therefore Defendant is required under the Fifth Amendment to pay Plaintiffs just compensation.

38. Because Plaintiffs' properties had never before taken on water, Plaintiffs had a reasonable investment-backed expectation in their private property taken by Defendant.

39. The damage done to Plaintiffs' property, including but not limited to loss of use, repair and replacement costs, loss in value, and loss of rent, was foreseeable.

40. Defendant's actions resulted in and caused a temporary and permanent taking of Plaintiffs' property, including through the damage and destruction of Plaintiffs' property, including but not limited to loss of use, repair and replacement costs, loss in value, and loss of rent.

41. Plaintiffs' property would not have been taken or damaged but for Defendant's actions and decision to release water from the Addicks and Barker reservoirs.

42. The damage sustained to Plaintiffs' property was substantial and severe.

43. Defendant has not compensated Plaintiffs for the damage caused to Plaintiffs' property as a result of Defendant's actions.

44. Plaintiffs are entitled to an award of just compensation for Defendant's taking of Plaintiffs' private property.

## PRAYER

WHEREFORE, Plaintiffs, Robert Ceballos, Henry W. Hope, Sara E. Hope, Eugene Brennan, Karen Brennan, Michael Schieffer, Elizabeth Schieffer, Philip A. Waldrop, Carol S. Waldrop, Dana Stover, and Tracey Freezia, respectfully request that this Court grant relief and enter judgment in their favor against Defendant, as follows:

a. entry of an order declaring that Defendant's actions constitute a taking under the Fifth Amendment to the United States Constitution;

b. award Plaintiffs just compensation for Defendant's taking of Plaintiffs' private property;

c. award Plaintiffs reasonable and recoverable litigation expenses, court costs, and attorneys' fees

d. award Plaintiffs' pre- and post-judgment interest;

e. award Plaintiffs all other further relief to which they may be justly and equitably entitled.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **ROTHFELDER & FALICK, LLP** |
| Dated: October 5, 2017 | */s/ Michael C. Falick* |
|  | Michael C. Falick |
|  | Texas Bar No. 06794600 |
|  | mfalick@rothfelderfalick.com |
|  | Richard L. Rothfelder |
|  | Texas Bar No. 17318100 |
|  | rrothfelder@rothfelderfalick.com |
|  | Christopher W. Rothfelder |
|  | Texas Bar No. 24084740 |
|  | crothfelder@rothfelderfalick.com |
|  | 1201 Louisiana, Suite 550 |
|  | Houston, TX 77002 |
|  | 713-220-2288 – Telephone |
|  | 713-658-8211 – Facsimile |
|  | **ATTORNEYS FOR PLAINTIFFS** |